UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER LAWRENCE GRIFFIN, | No. 2:20-cv-0796 DB P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| BRANDON PRICE, | |
| Respondent. | |

Petitioner is housed at Coalinga State Hospital. He is proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his conviction imposed by the Sacramento County Superior Court on August 15, 2008. Before the court is petitioner's habeas corpus petition for screening and petitioner's motion to proceed in forma pauperis. For the reasons set forth below, this court will grant the motion to proceed in forma pauperis and recommend the petition be dismissed.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

The exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before

////

presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

After reviewing the petition for habeas corpus, this court finds that petitioner has failed to exhaust state court remedies. Petitioner concedes that the claims have not been presented to the California Supreme Court. (ECF No. 1 at 2-7.) Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[1]

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 8) is granted; and

2. The Clerk of the Court shall randomly assign a district judge to this case.

Further, IT IS RECOMMENDED that petitioner's petition for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In the objections, petitioner may address whether a certificate of appealability should issue in the event an appeal of the judgment in this

////
////
////
////

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

case is filed.  See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  June 25, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-habeas/grif0796.scrn fr