UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER LAWRENCE GRIFFIN,<br><br>              Petitioner,<br><br>      v.<br><br>BRANDON PRICE,<br><br>              Respondent. | No.  2:20-cv-0796 JAM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is committed to Coalinga State Hospital.  He is proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  In his original petition, petitioner stated that he was challenging an August 15, 2008 conviction in Sacramento County Superior Court.  It appears that he is challenging a civil commitment determination that petitioner is a "sexually violent predator" ("SVP") within the meaning of California Welfare and Institutions Code § 6600, et seq.  (See ECF No. 1 at 9-10 (claim alleging error by doctor who examined plaintiff for SVP proceeding).)  Petitioner also appears to be attempting to raise claims regarding his underlying criminal conviction, which as best this court can discern from the petition, occurred sometime around 1998.[1]  (See id. at 19 (claim alleging, among other things,

---

[1] Petitioner has twice filed "exhibits" to his petition.  (ECF Nos. 15, 16.)  One filing includes a Coalinga State Hospital Annual Evaluation dated November 14, 2014.  Therein, petitioner's conviction is described as occurring in 2000 and was the result of a plea bargain for which petitioner received a 12-year prison sentence.  (See ECF No. 15 at 5.)

1

unconstitutional search and seizure).) Regardless of which proceeding petitioner intends to challenge, he indicated in his petition that he had not raised his claims in the California Supreme Court before raising them here. Accordingly, on June 26, 2020, this court recommended the petition be dismissed without prejudice for petitioner's failure to exhaust. (ECF No. 10.)

In an order filed July 21, 2020, the Ninth Circuit Court of Appeals denied petitioner's motion to file a second or successive petition and transferred that motion to this court with instructions to consider it as a motion to amend the habeas petition. In addition, petitioner recently filed a first amended petition. (ECF No. 14.) Herein, this court vacates the June 26 findings and recommendations, recommends denial of the motion to amend, and recommends this action be dismissed because petitioner has failed to exhaust his state remedies prior to filing this action.

The motion to amend is 101 pages long and, like petitioner's initial petition, appears to challenge both petitioner's SVP commitment (ECF No. 13 at 33-34) and an earlier criminal conviction (id. at 25). The motion purports to state multiple grounds for relief, including:

(1) "On May 3, The Convict On Parole Recived Threating tellephone call at 12;30 am during the afternoon news report." (Id. at 23.)

(2) "Discovery is !" Physical proximity, D.N.A Shirt, Jacket, Coat, Socks, Cigarette lighter these items were Took, Confiscated, Apprehended from the parolee dwelling, home or these items were took from the place of residents." (Id. at 25.)

(3) "Three Years Past My Actual Release Date Complete'd 684 Stright calendar days in the county jail at the rate of day-for-day, And without a S.V.P. Doctors interview until after the 12 year Criminal Confindment Conviction Term in Prison was Complete'd not the convicts falut." (Id. at 33-34.)

Many of these purported claims appear to be similar to the claims petitioner attempted to raise in his original petition. This court is unable, however, to determine just what constitutional violations petitioner is alleging. The same is true of the document petitioner filed on July 23, 2020 that is identified, in part, as an amended petition. (ECF No. 14.)

////

In any event, whether or not petitioner states any claims for relief, a judge of this court recently held that petitioner has not exhausted his challenges to the SVP commitment or prior conviction. Petitioner filed a prior habeas action in this district which appears to be attempting to challenge the same SVP commitment and prior conviction. See Griffin v. People of the State of California, No. 2:20-cv-0304 KJM KJN P. On August 10, 2020, Chief Judge Mueller dismissed the petition in that case because petitioner failed to exhaust. Accordingly, this action should be dismissed on the same grounds. Moreover, there are separate grounds for dismissal. Petitioner may only proceed with one petition to challenge a commitment or conviction. See 28 U.S.C. § 2244(b).

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the findings and recommendations issued June 26, 2020 (ECF No. 10) are vacated.

Further, IT IS RECOMMENDED that:

1. Petitioner's motion to amend (ECF No. 13) be denied; and

2. This action be dismissed for petitioner's failure to exhaust.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

////
////
////
////
////
////

In the objections, petitioner may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed.  <u>See</u> Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  August 21, 2020

DLB:9/DB/prisoner-habeas/grif0796.FAP scrn fr

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE